# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**JEROME McDAVIS,** :

    **Plaintiff** :

                         CIVIL ACTION NO. 3:17-2119

    **v.** :

                          (Judge Mannion)

**Warden MAHALLY, et al.,** :

    **Defendants** :

## MEMORANDUM

### I. Background

Jerome McDavis, an inmate confined in the Greene State Correctional Institution, Waynesburg, Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are Warden Mahally and Correctional Officer Nititus, Dallas State Correctional Institution, and Warden Mooney and Deputy Warden Demmins, SCI-Retreat. Id. Along with the filing of his complaint, McDavis submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 3).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. §1915A (actions

in which prisoner seeks redress from a governmental defendant); 42 U.S.C. §1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be granted, and the Plaintiff's complaint will be dismissed as legally frivolous.

## II. **Allegations in Complaint**

Plaintiff requests this Court "Order [his] immediate release", pursuant to a November 22, 2016 Order of the United States Court of Appeals for the Third Circuit, as well as "order all defendants to pay [him] for each day [he] was falsely imprisoned, the sum of three thousand dollars per day" and "one million dollars from each defendant" for emotional stress as, he is "not a prisoner, [his]

2

sentence is vacated". (Doc. 1).

Attached as an exhibit to Plaintiff's complaint is the Third Circuit's Order. (Doc. 1 at 26). It read as follows:

> Present: SMITH, <u>Chief Judge</u>, McKEE, AMBRO, FISHER, CHAGARES, JORDAN, GREENAWAY, Jr., VANASKIE, SHWARTZ, KRAUSE, and RESTREPO, <u>Circuit Judges</u>, and BARRY, <u>Senior Circuit Judge</u>[1]
>
> The petition for rehearing filed by appellant in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the judges of the circuit in regular service not having voted for rehearing, the petition for rehearing by the panel and the Court en banc, is denied.

<u>Id</u>. Plaintiff argues that the decision of "Judge Barry was to grant", which Plaintiff believes he is "granted panel re-hearing." <u>Id</u>. Thus, Plaintiff argues that this Court "is obligated to follow decision of Nov. 22. 16 of 3rd Cir" and "release [him] under the defacto mandate of Nov. 22.16." <u>Id</u>.

III. <u>Discussion</u>

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a

---

[1] Pursuant to Third Circuit I.O.P. 9.5.3, Judge Barry's vote is limited to panel rehearing.

3

person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

With respect to Plaintiff's request for compensation for illegal confinement, it is well-settled that prisoners cannot use §1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

4

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Because there is no indication of record that there has been a successful prior adjudication pertaining to Plaintiff's alleged unlawful conviction or sentence, it is appropriate to dismiss the claim for damages as legally frivolous. Plaintiff cannot, under Heck, maintain a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid. See also Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking §1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release); Mitchell v. Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa.2003).

## IV. Conclusion

In light of the foregoing, the above captioned action, filed pursuant to 42 U.S.C. §1983, will be **DISMISSED**, without prejudice, as legally frivolous under

28 U.S.C. §1915(e)(2)(B)(i), and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 20, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2119-01.wpd